**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:18-cv-10677-IT

| | |
|---|---|
| ERROLL TYLER, in his individual capacity and in his capacity as President and CEO of NAUTICAL TOURS, INC., and ALLENA TABB-HARPER, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>BOSTON POLICE COMMISSIONER, WILLIAM G. GROSS, in his official capacity; THOMAS LEMA, JR., Individually and in his official capacity as INSPECTOR OF CARRIAGES, HACKNEY CARRIAGE UNIT,<br><br>Defendants. | |

## JOINT STATEMENT FOR SCHEDULING CONFERENCE

Pursuant to the Notice of Scheduling Conference dated October 15, 2018, and in accordance with Local Rule 16.1, Defendants William G. Gross ("Commissioner Gross") and Thomas Lema, Jr. ("Lieutenant Lema") ("Defendants") and Plaintiffs Erroll Tyler and Allena Tabb-Harper ("Plaintiffs"), (collectively, the "Parties") respectfully submit the following joint statement in connection with the scheduling conference to be held on November 26, 2018:

**I.** **Pending Motions:** Defendants' Motion to Dismiss and Supporting Memorandum of Law, ECF Nos. 18-19 (Oct. 29, 2018).

**II.** **Timetable for Discovery and Motion Practice**

   **a. Joint Position – Stay of Discovery:** The Parties agree to a stay of the commencement of discovery—*other than* initial disclosures required by Fed. R.

Civ. P. 26(a)(1)—until this Honorable Court rules on Defendants' Motion to Dismiss.

b. **Initial Disclosures:**

   i. **Joint Position:** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed thirty (30) days from the date of the scheduling conference.

c. **Amendments to Pleadings:**

   i. **Joint Position:** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed more than sixty (60) days from the commencement of fact discovery.

d. **Fact Discovery – Initial Written Discovery:**

   i. **Joint Position:** Initial written discovery (requests for production of documents, interrogatories, and requests for admissions) shall be served no later than ninety (90) days from the commencement of discovery.

e. **Fact Discovery – Depositions of Fact Witnesses:**

   i. **Joint Position:** All depositions, other than expert depositions, must be completed ten (10) months from the commencement of discovery.

f. **Fact Discovery – Final Deadline:**

   i. **Joint Position:** All discovery, other than expert discovery, must be completed ten (10) months from the commencement of discovery.

**g. Status Conference:**

   i. **Joint Position:** A status conference will be held about ten (10) months from the commencement of discovery. At the time of the status conference and in the event that the Parties know that experts will not be used at trial, the Parties will consider adjusting all subsequent deadlines.

**h. Expert Discovery:**

   i. **Joint Position:**

   1. Plaintiffs' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed ten (10) months from the commencement of discovery.

   2. Plaintiffs' trial experts must be deposed eleven (11) months from the commencement of discovery.

   3. Defendants' trial experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed eleven (11) months from the commencement of discovery.

   4. Defendants' trial experts must be deposed twelve (12) months from the commencement of discovery.

**i. Dispositive Motions:**

   i. **Joint Position:**

   1. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings must be filed twelve (12) months from the commencement of discovery.

          2. Oppositions to dispositive motions must be filed within 21 days after service of the motion.

    **j. Pretrial Conference:**

        i. **Joint Position:** An initial pretrial conference will be held about twelve (12) months from the commencement of discovery. The Parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five (5) business days prior to the date of the conference and consistent with any Pretrial Orders of the Court.

### III. Trial By Magistrate

The Parties do not consent to a magistrate at this time.

### IV. Alternative Dispute Resolution

The Parties have not participated in the Court's mediation program but may elect to do so once discovery has been completed.

### V. Settlement

The Plaintiff will make a settlement demand before the date of the scheduling conference. The Defendants have not made an offer of settlement at this time.

### VI. Certifications

The Parties shall serve their Certificates of Compliance in accordance with Local Rule 16.1.

### VII. Summary of the Parties' Positions

**Defendants' Position:** As described in Defendants' Motion to Dismiss and supporting Memorandum of Law, ECF Nos. 18-19, Defendants submit that Plaintiff's Complaint fails to state any actionable claim for relief. Briefly, Plaintiffs fail to identify a City

policy or custom that caused the alleged infringement of their rights. On the contrary, the alleged conduct is itself purportedly in violation of a City policy: Boston Police Rule 404. Therefore, there can be no liability for the City or for either Defendant in his official capacity. Plaintiffs further fail to allege a constitutional claim of due process because they do not allege a property interest protected by the Fourteenth Amendment and because an agency's failure to follow its own rules does not constitute a denial of due process under the Fourteenth Amendment. Plaintiffs fail to allege an equal protection claim because they do not allege any similarly-situated comparators that were treated differently. Finally, Lt. Lema is entitled to qualified immunity, and Plaintiff Allena Tabb-Harper lacks standing in her individual capacity to pursue her claims.

**Plaintiffs' Position**: In 2006, Plaintiffs Erroll Tyler and Allena Tabb-Harper, founded Nautical Tours, Inc., for the purpose of providing amphibious sightseeing tours throughout the City of Boston. From the beginning, they experienced significant resistance. They felt unwelcomed, whether it was because Nautical Tours is a minority-owned company or because of the monopoly Boston Duck Tours had (and, has) at the time Nautical Tours began this process.

By April of 2015, Nautical Tours had obtained all but one of the five licenses it needed to operate its amphibious vehicles in Boston. The only remaining license was a non-discretionary license from the Inspector of Carriages (i.e., the Boston Police Hackney Carriage Unit) approving the vehicle itself. Indeed, the relevant statutes grant the Department of Public Utilities ("DPU") the role of authorizing the corporation to operate its sightseeing tour in and around Boston, while the Inspector of Carriages retains

exclusive authority to license the sightseeing vehicle itself. And where the individual applying for the sightseeing vehicle license has been granted a Certificate of Public Convenience and Necessity ("CPCN") by the DPU, as Nautical Tours had, Nautical Tours should have been considered an "Individual[] deemed suitable pursuant to Chapter 399 of the Acts of 1931… [who] *shall* be granted permission to operate, and receive a license for, a Sight-seeing Automobile." Rule 404, Section 2.1.1 (emphasis added). This property interest will be addressed further in Plaintiffs' Opposition to Defendants' Motion to Dismiss.

      Most importantly, Lt. Lema did not deny Nautical Tours' applications. Rather, Lt. Lema simply failed to act on them without any explanation to Plaintiffs. Plaintiffs followed-up via certified letters, hand-delivered letters, phone calls, even a formal request for an appeal—and received no response. For three years, Lt. Lema stalled Plaintiffs' efforts to obtain the final license needed to operate their business, but did so in such a manner as to deprive Nautical Tours of due process because, without a final decision from the Boston Police Department denying Nautical Tours' applications, Nautical Tours had nothing on which to base an appeal. In this manner, Lt. Lema firmly placed himself in the role of final policy maker.

      Plaintiffs have additional arguments and counter-arguments they plan to raise in their opposition to Defendant's Motion to Dismiss, and will, if prudence dictates, amend their Complaint to address some of the deficiencies seized upon by Defendants in their Motion to Dismiss.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFFS ERROLL TYLER and ALLENA TABB-HARPER, | DEFENDANTS WILLIAM G. GROSS and THOMAS LEMA, JR., |
| By their attorneys, | Eugene O'Flaherty, Corporation Counsel |
| | By his attorneys, |
| /s/ Joseph Comenzo | /s/ Matthew M. McGarry |
| Joseph Comenzo, BBO No. 667624 | Matthew M. McGarry, BBO No. 678363 |
| John Koury, BBO No. 694088 | Assistant Corporation Counsel |
| Upper Charles Law Group, LLC | City of Boston Law Department |
| 10 Kearney Rd, #101 | One City Hall Square, Room 615 |
| Needham, MA 02494 | Boston, MA 02201 |
| (617) 600-7150 | (617) 635-4042 |
| jcomenzo@uclawgroup.com | Matthew.McGarry@boston.gov |
| jkoury@uclawgroup.com | |
| | Joshua Speicher, BBO No. 688416 |
| | Assistant Corporation Counsel |
| | City of Boston Law Department |
| | One City Hall Square, Room 615 |
| | Boston, MA 02201 |
| | (617) 635-4049 |
| | Joshua.Speicher@boston.gov |

Dated:  November 19, 2018

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date below, I served a true copy of this document on the attorney of record for all parties through the CM/ECF system.

| | |
|---|---|
| Date: November 19, 2018 | /s/ Matthew M. McGarry |
| | Matthew M. McGarry |